# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JOHN WILLIAMS,

     Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS,
INC.; EQUIFAX INC.; and
TRANSUNION LLC,

     Defendants.

CV 2:23-103

## ORDER

Before the Court is Defendant Equifax Inc.'s motion to dismiss. Dkt. No. 9. Plaintiff John Williams has filed no opposition to the motion, and the time for doing so has passed. As such, the motion is ripe for review.

## BACKGROUND[1]

Plaintiff brings this Fair Credit Reporting Act ("FCRA") action against Defendants based on alleged inaccuracies in his respective credit reports related to his JP Morgan Chase account. See Dkt. No. 1 at 1-3. Plaintiff alleges he sent each Defendant written disputes regarding the completeness and/or accuracy of the reports, but Defendants took no action. Id. at 4. Plaintiff alleges that as a result of the inaccurate reporting, he suffered damages, including but not limited to his credit score being

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

lowered, which in turn resulted in Plaintiff being either denied credit or given unfavorable financing, and he also alleges he suffered humiliation, emotional distress, and mental anguish. Id. Plaintiff brings five claims under the FCRA against all three Defendants. See generally id. He seeks actual, statutory and punitive damages, as well as costs. Id. at 1, 8. Defendant Equifax Inc. has moved to dismiss all claims against it. Dkt. No. 9.

## LEGAL AUTHORITY

In order to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A facially plausible claim must allege facts that are more than merely possible." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations that are 'merely consistent with' a defendant's liability" fall short of being facially plausible. Id. (quoting Twombly, 550 U.S. at 557). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "But if allegations are indeed more conclusory than factual, then the court does not have to

assume their truth." Id. (citing Mamani v. Berzain, 654 F.3d 1148, 1153-54 (11th Cir. 2011)).

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

Defendant Equifax Inc. argues Plaintiff's claims against it should be dismissed for failure to state a claim for which relief

3

can be granted.  Dkt. No. 9 (citing Fed. R. Civ. P. 12(b)(6)).  In short, Equifax Inc. argues it is not a consumer reporting agency subject to the FCRA.  Id. at 3.

Equifax Inc. points to numerous court decisions holding that "Equifax Inc. is not a consumer reporting agency."  Id. at 5. Therefore, Equifax Inc. argues that all five of Plaintiff's claims against it fail.  Id.  While the cases Equifax Inc. cites were decided at the summary judgment stage based on undisputed evidence demonstrating that Equifax Inc. is not a consumer reporting agency as defined by the FCRA, Equifax has also "prevailed on a motion to dismiss based on its argument that it is not a consumer reporting agency where, as here, plaintiff has not disputed it."  Saho v. Equifax, Inc., No. 119CV04252LMMRGV, 2020 WL 7388450, at *3 (N.D. Ga. Feb. 28, 2020), report and recommendation adopted, No. 119CV04252LMMRGV, 2020 WL 7388449 (N.D. Ga. Mar. 23, 2020) (quoting Martinez v. Equifax Inc., No. 15-2100 (SRC), 2016 WL 226639, at *1 (D.N.J. Jan. 19, 2016) (dismissing plaintiff's complaint with prejudice against Equifax Inc. since plaintiff did not oppose Equifax Inc.'s argument that it was not a consumer reporting agency as defined by the FCRA)); see also McCullough v. Equifax Inc., No. 122CV04485JPBRGV, 2023 WL 6035577, at *2 (N.D. Ga. June 29, 2023), report and recommendation adopted, No. 1:22-CV-04485-JPB, 2023 WL 6035566 (N.D. Ga. July 20, 2023) (dismissing plaintiff's claims against Equifax Inc. at the motion to dismiss stage).

4

In McCullough, the pro se plaintiff brought FCRA claims similar to those Plaintiff brings here.  In the caption of the complaint, the plaintiff named as a defendant Equifax Information Services, LLC, but in the body of the complaint the plaintiff asserted claims against Equifax Inc.  McCullough, 2023 WL 6035577, at *2.  Equifax Inc. moved to dismiss the plaintiff's FCRA claims, arguing it was not subject to the FCRA and surmising that the plaintiff likely "intended to sue the consumer reporting agency Equifax Information Services LLC" rather than Equifax Inc.  Id. The court granted the motion, holding that Equifax Inc. was not a consumer reporting agency and thus not subject to the FCRA.  Id. However, construing the pro se plaintiff's complaint liberally, the court allowed plaintiff's claims against Equifax Information Services LLC to proceed.  Id.

Like the plaintiff in McCullough, Plaintiff Williams likely meant to sue the consumer reporting agency Equifax Information Services LLC.  Id.  Unlike in McCullough, however, Plaintiff has not named Equifax Information Services LLC as a defendant. Regardless, the named Defendant Equifax Inc. is not a consumer reporting agency, and it is therefore not subject to the FCRA. Id.  Therefore, Equifax Inc.'s motion to dismiss, dkt. no. 9, is **GRANTED**.

**CONCLUSION**

Defendant Equifax Inc.'s motion to dismiss, dkt. no. 9, is **GRANTED**, and Plaintiff's claims against it are **DISMISSED with prejudice**. The Clerk is **DIRECTED** to terminate Equifax Inc. as a defendant in this action.

**SO ORDERED**, this ___7___ day of December, 2023.

_____

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA